IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK D. GRIFFIN,
    Plaintiff,

vs.                                    Case No.:  3:10cv545/WS/EMT

WALTER A. McNEIL, et al.,[1]
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 19). Leave to proceed in forma pauperis has been granted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However,

---

[1] Although Plaintiff named more than one Defendant in his original complaint (*see* doc. 1), in the instant complaint he names only M. Lucas (*see* doc. 19).

such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true, and only reasonable inferences are drawn in favor of the plaintiff.  *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim.  Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

I.  RELEVANT ALLEGATIONS

Plaintiff is currently incarcerated at Wakulla Correctional Institution Annex (doc. 19 at 2).[3] He was incarcerated at the Okaloosa Correctional Institution ("OCI") at the time of the events giving rise to the complaint (*id.* at 6–8).  Plaintiff names one Defendant in this action, M. Lucus, the institutional inspector at OCI (*id.* at 1, 2).  Plaintiff alleges that on June 17, 2010, Defendant Lucus

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

confiscated his personal property (including legal documents, photographs and personal letters) when he was placed in confinement (*id.* at 6, 8). Plaintiff states Lucus knew that Plaintiff's legal documents were confiscated, she knew he had upcoming court filing deadlines , and she knew that he "would be denied access to courts" without his documents (*id.* at 6). Plaintiff claims that Defendant Lucus's conduct denied him access to the courts in violation of the First Amendment (*id.* at 6–9). As relief, he seeks a declaratory judgment and an injunction requiring Defendant to return his legal materials and personal property and enjoining Defendant and her co-workers from retaliating against him (*id.* at 9).

II.   ANALYSIS

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. *See* Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. 518 U.S. at 349–51. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" *Id.* (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendant's actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3; Wilson, 163 F.3d at 1291.

Upon the court's review of Plaintiff's initial complaint in this case, the court advised Plaintiff of the First Amendment standard and directed Plaintiff to clarify his allegations regarding the nature of the legal actions in which he claimed he was injured (doc. 8). The court noted that Plaintiff's

Case No: 3:10cv545/WS/EMT

grievances described the legal actions as state court challenges to his criminal sentence on the ground that the sentencing court violated the Uniform Commercial Code ("UCC") (*see* doc. 1 at 12–26), and the court advised Plaintiff that such challenges have been deemed frivolous (*id.*). *See, e.g.,* Harris v. Wands, No. 10-1570, 2011 WL 3044824, at *2 (10th Cir. Feb. 1, 2011) (unpublished); Schlager v. Beard, No. 10-2184, 2010 WL 4249987, at *1 (3d Cir. Oct. 28, 2010) (unpublished); United States v. Holloway, 11 Fed. Appx. 398, 400, 2001 WL 303327, at *2 (6th Cir. 2001) (UCC is not applicable in criminal proceedings) (unpublished); Peltola v. Bennett, No. 2:10cv13482, 2010 WL 4739483, at *3 (E.D. Mich. Nov. 16, 2010) (unpublished) . Further, although Plaintiff specifically identified Griffin v. Morgan, No. 10-5339 (6th Cir. July 29, 2010) as one of the cases affected by the confiscation of his documents, he did not allege that the nature of that case was such that it was entitled to constitutional protection (*id.*).

Plaintiff filed an amended complaint (doc. 11). He described Griffin v. Morgan, No. 10-5339, as a § 1983 action involving an assault by a correctional officer (*see id.* at 6–7). He contended Defendant Lucus caused him to lose that case (*id.* at 6–7). He additionally identified a state habeas action, filed under Rule 3.850(h) of the Florida Rules of Criminal Procedure (*id.* at 7). Plaintiff also stated that at the time his documents were confiscated, he was "finishing a document in the civil court regarding contract law" and was using language from the UCC to "square the language of the violation that took place" (*id.* at 7).

Upon the court's review of the amended complaint, the undersigned advised Plaintiff that his allegations failed to show constitutional injury with regard the first legal action he identified, Griffin v. Morgan, No. 10-5339 (6th Cir. July 29, 2010), because the district court had issued an order certifying that the appeal was not taken in good faith; therefore, he failed to show that case had arguable merit (*see* doc. 14; *see also* attached Order of Dismissal, Order Certifying Appeal Not Taken in Good Faith, and Notice of Appellate Filing Fee). As to the habeas petition filed under Rule 3.850(h), the court advised Plaintiff that his allegations failed to show that the case had arguable merit, since Plaintiff had previously suggested it was based upon a UCC challenge to his sentence, and such challenges have been deemed legally frivolous (*id.*). The court additionally noted that to the extent Plaintiff was suggesting he had been prejudiced in another Rule 3.850 proceeding, he could not show injury with respect to that action, because it would have likely been dismissed as

successive. The court noted that the docket of the Florida Fourth District Court of Appeal ("Fourth DCA") showed that Plaintiff had previously filed a Rule 3.850 motion, and on May 5, 2009, the Fourth DCA affirmed the Broward County Circuit Court's denial of the motion (*see* attached docket, Griffin v. State, No. 09-409, 8 So. 3d 367 (Fla. 4th DCA May 5, 2009)).[4] Finally, as to the civil case involving contract law, the court advised that this type of case did not qualify for First Amendment protection (*id.*). The undersigned provided Plaintiff another opportunity to state a First Amendment claim by again amending his complaint.

Plaintiff filed the instant second amended complaint (doc. 19). He now appears to suggest Defendant Lucus's confiscation of his materials caused the dismissal of his first Rule 3.850 motion (*see id.* at 7). However, this allegation has no factual basis, because the appellate court issued its affirmance on May 5, 2009, over one year prior to Defendant Lucus's confiscation of Plaintiff's property on June 17, 2010. Therefore, Plaintiff cannot show a First Amendment violation with respect to his Rule 3.850 motion.

Likewise, Plaintiff cannot show prejudice with respect to his habeas petition (the Rule 3.850(h) motion). The attached docket sheet from the Florida First District Court of Appeal shows that an appeal of the Okaloosa County Circuit Court's denial of the habeas petition was pending when the confiscation occurred on June 17, 2010 (*see* attached docket, Griffin v. State of Florida, No. 1D10-753 (Fla. 1st DCA June 7, 2011)). It also shows that Plaintiff had a deadline for filing an initial brief after June 17, 2010 (*see id.*). However, that deadline was extended to December 13, 2010, and Plaintiff complied with that deadline (*see id.*). Moreover, despite being given two opportunities to allege facts showing that the state habeas petition had arguable merit, Plaintiff has failed to do so. Therefore, he cannot show a constitutional violation with respect to his state habeas petition.

Plaintiff also appears to allege he was prejudiced in an appeal of another post-conviction matter pending in the Fourth DCA at the time of Defendant Lucus's confiscation of his materials,

---

[4] *See* Fed. R. Evid. 201; *see also* United States v. Berrojo, 628 F.3d 368 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also, e.g.*, Fernandez-Morales v. Barron, No. 5:06cv1/MCR/EMT, 2006 WL 680819, at *2 (N.D. Fla. Mar. 13, 2006) (unpublished) (district court may take judicial notice of public docket of case in other federal judicial district).

Griffin v. State of Florida, No. 4D10-86 (Fla. 4th DCA July 29, 2011) (Plaintiff identified filing deadlines in that case in his administrative grievances and in his first amended complaint). According to the Fourth DCA's docket in that case (*see* attached docket, Griffin v. State of Florida, No. 4D10-86 (Fla. 4th DCA July 29, 2011)), although Plaintiff had an original deadline of June 24, 2010, to file an initial brief, that deadline was was extended several times, and Plaintiff complied with it (*see id.*). Further, Plaintiff's allegations do not suggest he lost the appeal due to the confiscation of his legal materials. Therefore, he has not shown a First Amendment violation with respect to that case.

Additionally, with regard to the appeal pending in the Sixth Circuit case, Griffin v. Morgan, No. 10-5339 (6th Cir. July 29, 2010), Plaintiff cannot show that the appeal had arguable merit. As discussed *supra*, the district court issued an order certifying that an appeal of its decision would not be taken in good faith (*see* attached Order of Dismissal, Order Certifying Appeal Not Taken in Good Faith, and Notice of Appellate Filing Fee). Therefore, Plaintiff failed to show that constitutional injury occurred with respect to his inability to file an initial brief in that case.

Finally, Plaintiff has failed to state a constitutional claim with regard to the confiscation of his personal property. It is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become constitutional violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543–44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (overruling Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty, or property under the Fourteenth Amendment); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986). The Florida Department of Corrections provides an inmate grievance procedure for contesting misplaced or mishandled inmate property. Furthermore, Florida Statutes § 768.28 (1993) provides a tort remedy for the alleged deprivation of Plaintiff's property; thus, he cannot maintain a § 1983 claim based on the alleged deprivation. Indeed, under no set of facts can Plaintiff establish that these avenues for relief are constitutionally insufficient. Moreover, Plaintiff has not alleged that he is without an adequate post-deprivation remedy for Defendant

Lucus's alleged unconstitutional taking of his property.  Therefore, Plaintiff cannot state an actionable claim regarding the confiscation of his family photographs and letters.

III.    CONCLUSION

Despite the court's advising Plaintiff of the legal standard for stating a First Amendment claim, and providing him two opportunities to amend his complaint to include facts that state a claim for relief, he has failed to plead facts that state a plausible First Amendment claim.  Therefore, dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted.

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 11th day of October 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**